# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FIRST CHOICE BUSINESS BROKERS, INC., a Nevada corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>KEN DOBBS MONEYLINE, INC., a dissolved California corporation; KENNETH R. DOBBS, an individual and trustee of dissolved California corporation KEN DOBBS MONEYLINE, INC.; OPTION ONE BUSINESS SALES & ACQUISITIONS, a California corporation; CRISTINA SURMENEAN, an individual; BIANCA PELAYO, an individual; DOES I–X; and ROE CORPORATIONS I–X,<br><br>    Defendants. | Case No.: 2:08-cv-01487-RLH-RJJ<br><br>**O R D E R**<br><br>(Motion to Dismiss–#17) |

  Before the Court is Defendants Cristina Surmenean and Bianca Pelayo's **Motion to Dismiss for Lack of Subject Matter Jurisdiction, Personal Jurisdiction, Improper Venue, Failure to State a Claim on Which Relief can be Granted, and Motion for Change of Venue** (#17), filed February 17, 2009. The Court has also considered Plaintiff First Choice Business Brokers' Opposition (#21), filed March 9, 2009, and Defendants' Reply (#24), filed March 18, 2009.

1

**BACKGROUND**

Plaintiff First Choice Business Brokers ("First Choice"), a business brokerage franchiser, is a Nevada corporation with its principal place of business in Las Vegas, Nevada. On June 7, 2006, First Choice entered into a ten-year franchise agreement with Defendant Ken Dobbs Moneyline, Inc. ("Moneyline"), a California corporation. Under the terms of the agreement, First Choice was to provide Moneyline with information regarding how to successfully buy and sell businesses. In exchange for this information, Moneyline was to pay First Choice five percent of its gross sales and a monthly royalty fee.

At the end of 2006, Moneyline contracted with Cristina Surmenean and Bianca Pelayo, both California residents, to act as agents on its behalf. Shortly thereafter, Surmenean and Pelayo traveled to Las Vegas, Nevada to receive training from First Choice. The training lasted sixteen hours over a two-day period, and addressed First Choice's systems, rules, forms, and procedures. First Choice also trained Surmenean and Pelayo regarding its methods of conducting business, brokering, marketing, and growing and developing a client base.

Approximately one year after contracting with First Choice, Moneyline allegedly breached its franchise agreement by forming an independent brokerage company named Ken Dobbs Moneyline, Inc., Option One Business Sales and Acquisitions ("Moneyline Option One"). Surmenean and Pelayo are currently employed as brokerage agents for Moneyline Option One. First Choice asserts that Moneyline Option One's business practices are based on the materials and trade secrets acquired by Surmenean and Pelayo at the First Choice training seminar in Las Vegas. According to First Choice, Moneyline violated the franchise agreement by using this confidential information for its exclusive benefit. Although Surmenean and Pelayo are not parties to the franchise agreement, First Choice contends that as Moneyline agents, they were fully aware of the franchise agreement and knew they were obligated to conduct business in compliance with it. Surmenean and Pelayo claim they were unaware that they were obligated to abide by any sort of confidentiality agreement.

First Choice filed suit against Defendants on October 28, 2008, alleging: (1) intentional interference with contractual relations and prospective business advantage; (2) injunctive relief; (3) concert of action; and (4) conspiracy. On February 17, 2009, Surmenean and Pelayo filed their Motion to Dismiss for Lack of Subject Matter Jurisdiction, Personal Jurisdiction, Improper Venue, Failure to State a Claim on Which Relief can be Granted, and Motion for Change of Venue. For the reasons discussed below, this Motion is denied in its entirety.

**DISCUSSION**

**I.  Lack of Subject Matter Jurisdiction**

The Court has original jurisdiction over all civil actions where the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different States. 28 U.S.C. § 1332(a) (2005). Here, no one disputes the diversity of the parties, but Surmenean and Pelayo claim First Choice has failed to show that it meets the $75,000 amount-in-controversy requirement. When a plaintiff brings a diversity claim in federal court, "[i]t must appear to a legal certainty that the [plaintiff's] claim is really for less than the jurisdictional amount to justify dismissal." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–90 (1938)). The party challenging the jurisdiction of the federal court has the burden of proving to a legal certainty that plaintiff cannot recover the jurisdictional amount. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403 (9th Cir. 1996). Defendants have failed to carry this burden because they have merely averred that Plaintiff does not specify how it has been injured or why it is entitled to damages. (Dkt. #17, Reply 5–6). In light of Plaintiff's allegations that Defendants have misused confidential information and breached a franchise agreement requiring significant royalty payments, the Court finds that it is not a legal certainty that Plaintiff cannot recover over $75,000 in this case. Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction is denied.

/

/

**II.     Lack of Personal Jurisdiction**

Defendants allege this Court lacks personal jurisdiction over them because they do not have sufficient contacts with Nevada and because they did not purposefully avail themselves of the benefits of doing business in Nevada. In addressing this assertion, the Court notes the long-standing rule that in order to establish personal jurisdiction, a plaintiff must show (1) that the forum state's long-arm statute confers jurisdiction over the out-of-state defendant; and (2) that the exercise of jurisdiction does not violate federal constitutional principles of due process. *Haisten v. Grass Valley Med. Reimbursement Fund*, 784 F.2d 1392, 1396 (9th Cir. 1986). Under Nevada's long-arm statute, courts may exercise jurisdiction over a party as long as such jurisdiction is not inconsistent with federal or state due process concerns. Nev. Rev. Stat. § 14.065(1) (2009). As such, the analysis regarding Nevada's long-arm statute and federal due process is the same. *Baker v. Eighth Judicial Dist. Court*, 999 P.2d 1020, 1023 (Nev. 2000).

**A.     General Personal Jurisdiction**

There are two types of personal jurisdiction: general and specific. General personal jurisdiction requires that the "continuous corporate operations within a state [are] so substantial and of such a nature as to justify suit against [the defendant] on causes of action arising from dealings entirely distinct from those activities." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 318 (1945). Plaintiff has neither demonstrated nor contended that the Defendants have engaged in substantial, continuous operations in Nevada. Neither could Plaintiff make such an allegation: Surmenean and Pelayo's only connection to Nevada is their attendance at the two-day training meeting held by First Choice. The Court therefore lacks general personal jurisdiction over Defendants.

**B.     Specific Personal Jurisdiction**

Specific personal jurisdiction is appropriate if three elements are present: (1) the defendant does an act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim

1    arises out of the defendant's forum-related activities; and (3) the exercise of jurisdiction is
2    reasonable. *See, e.g., Gray & Co. v. Firstenberg Mach. Co.*, 913 F.2d 758, 760 (9th Cir. 1990).
3    The plaintiff—in this case First Choice—bears the burden of the satisfying the first two prongs of
4    the test. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). If the
5    plaintiff satisfies these two requirements, the burden shifts to the defendants to show that the
6    exercise of personal jurisdiction is unreasonable. *Id.*

   **1.   Purposeful Availment**

8    Purposeful availment is established when a defendant deliberately "engage[s] in
9    significant activities within a State or has created 'continuing obligations' between himself and the
10   residents of the forum." *Gray & Co.*, 913 F.2d at 760 (quoting *Burger King Corp. v. Rudzewicz*,
11   471 U.S. 462, 475–76 (1985)). Purposeful availment thus requires that the defendant affirmatively
12   act to allow or promote business transactions within the forum state. *Decker Coal Co. v.
13   Commonwealth Edison Co.*, 805 F.2d 834, 840 (9th Cir. 1986). Defendants allege they did not
14   purposefully avail themselves in this case because they did not know of the confidentiality
15   agreement between Moneyline and First Choice. The Court is unpersuaded by this argument.
16   Even if Surmenean and Pelayo were unaware of the details of the franchise agreement, the fact
17   remains that they knowingly participated in a training session in Las Vegas in which First Choice,
18   a Nevada corporation, provided confidential information pursuant to a franchise agreement. They
19   also knew that they stood to benefit financially from their business activities as agents of
20   Moneyline, the franchisee. As such, Defendants were aware (or should have been) that their
21   actions directly affected a Nevada corporation. Accordingly, the Court finds that based on their
22   activities in Nevada, Surmenean and Pelayo purposefully availed themselves of the privilege of
23   conducting business in Nevada.

   **2.   Arises out of Forum-Related Activities**

25   In order for this Court to exercise personal jurisdiction, First Choice's claim must
26   arise out of Defendants' business activities in Nevada. The Ninth Circuit has adopted a "but for"

test in determining whether a claim arises from the defendant's forum related activities. *Mattel, Inc. v. Greiner & Hauser GMBH*, 354 F.3d 857, 864 (9th Cir. 2003). This test is best formulated as follows: But for Surmenean and Pelayo's contacts with Nevada, would First Choice's claims against them have arisen? *See id.*

The Court finds that but for Defendants' contacts in Nevada the claims against them would not have arisen because First Choice's lawsuit is based on information allegedly obtained by Defendants while they were attending a training meeting in Las Vegas. Plaintiff alleges Moneyline appropriated confidential trade secrets and business practices that Defendants would have acquired at the training seminar. "But for" the training in Nevada, Defendants would not have accessed this information or utilized it in their business endeavors. A clear nexus exists between Defendants' actions and First Choice's claims against them, thereby satisfying the second prong of the personal jurisdiction analysis.

### 3. Reasonableness

Because First Choice has satisfied the first two prongs of the personal jurisdiction test, the burden shifts to Defendants to show that personal jurisdiction is unreasonable. To do so, Surmenean and Pelayo must present a compelling case that the existence of other considerations render jurisdiction unreasonable. *Burger King*, 471 U.S. at 477. Courts have identified seven relevant factors in determining whether the exercise of personal jurisdiction is reasonable: (1) the extent of purposeful interjection into the forum state; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. *Decker Coal*, 805 F.2d at 840. "None of these factors is dispositive in itself; the court must balance all seven." *Myers v. Bennett Law Offices*, 238 F.3d 1068, 1075 (9th Cir. 2001) (quoting *Core-Vent Corp. V. Nobel Indus. AB*, 11 F.3d 1482, 1488 (9th Cir. 1993)).

6

1    To support their claim that the exercise of personal jurisdiction is unreasonable,
2    Defendants argue (1) that they did not purposefully avail themselves of the benefits of doing
3    business in Nevada; (2) that Nevada has a legitimate interest adjudicating a dispute involving its
4    residents; and (3) that it is inconvenient for them to litigate this case in Nevada.  The Court is not
5    persuaded by any of these assertions.  The Court has already determined that Surmenean and
6    Pelayo purposefully availed themselves of the benefits of doing business in Nevada, and they have
7    presented no basis for altering that determination in the context of reasonableness.  Defendants
8    have also provided no evidence to support their assertion that California's interest in this case
9    supersedes Nevada's interest in providing relief to its own residents.  Finally, the level of
10   inconvenience that Defendants would be required to undergo by litigating this case in Nevada
11   rather than California is not sufficiently unreasonable as to justify declining personal jurisdiction.
12   Whether the case is tried in California or Nevada, at least one party will have to leave its home
13   state.  The Court therefore finds that its exercise of personal jurisdiction in this case is reasonable.

### III.  Improper Venue

Defendants also request dismissal for improper venue based on 28 U.S.C. § 1391(a):

> (a) A civil action wherein jurisdiction is founded only on diversity of citizenship may . . . be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

Defendants argue that because five of the six parties to this action reside in California, litigating this case in Nevada would be unduly inconvenient, lead to unnecessary legal expenses, and place an unfair burden on defendants and witnesses.  Surmenean and Pelayo, however, ignore the fact that the franchise agreement between First Choice and Moneyline establishes that litigation between the parties be conducted in Nevada.  Choice of forum clauses are "prima facie valid and should be enforced" unless the party challenging the clause can clearly show that enforcement

would be "unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." *Bremen v. Zapata Offshore Co.*, 407 U.S. 1, 10, 15 (1972); *see also Allied Sound, Inc. v. Dukane Corp.*, 934 F. Supp. 272, 274–75 (M.D. Tenn. 1996) ("Where an enforceable choice of forum clause exists, adherence to the forum designated in that clause is favored."). Consequently, the party challenging a forum selection clause bears "a heavy burden of proof," (*Bremen*, 407 U.S. at 17), a burden that Defendants have failed to meet here. Given California's close proximity to Nevada, the inconvenience asserted by Defendants in having to travel to Nevada to litigate is minimal, especially since Defendants have previously made the same trip for a two-day training seminar. The Court therefore finds that the parties' forum selection clause is enforceable and that venue in Nevada is proper.

Moreover, the fact that Defendants themselves were not signatories to the contract containing the forum selection clause does not alter its enforceability against them. If "the alleged conduct of the non-parties is so closely related to the contractual relationship [then] the forum selection clause applies to all defendants." *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 514 n.5 (9th Cir. 1988). Defendants' actions as agents of Moneyline, including their alleged misappropriation of First Choice's trade secrets and their continued employment with Moneyline Option One, may have violated the First Choice franchise agreement, thereby giving rise to the claims before the Court. The connection between Defendants' conduct and the contractual agreement is "so closely related" that it is reasonable to extend the forum selection clause to include them.

**IV.    Failure to State a Claim**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." In order to withstand a motion to dismiss, a complaint must contain factual allegations that are sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). In ruling on a 12(b)(6) motion, courts assume all factual allegations in the

AO 72
(Rev. 8/82)

1  Complaint are true and construe them in the light most favorable to the plaintiff. *Epstein v. Wash.*
2  *Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1999).  However, a court does not assume the truth of
3  legal conclusions merely because the plaintiff casts them in the form of factual allegations.
4  *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).
5  　　　　Defendants argue that Plaintiff fails to specify how Defendants' actions fit within
6  its claims and how Defendants' interference with the franchise agreement led to an economic loss.
7  The Court disagrees.  First Choice alleges that Surmenean and Pelayo obtained confidential
8  information at the two-day seminar and that they wrongfully used this information in the course of
9  their employment with Moneyline and Moneyline Option One.  The Court therefore finds that
10 Defendants are on notice regarding the claims against them and that First Choice is entitled to
11 relief if it can prove that its factual allegations are true.  Defendants' Motion to Dismiss for Failure
12 to State a Claim is hereby denied.
13 **V.     Request to Transfer Venue**
14 　　　　28 U.S.C. § 1404(a) states that "[f]or the convenience of parties and witnesses, in
15 the interest of justice, a district court may transfer any civil action to any other district or division
16 where it might have been brought."  The Court finds that the interests of justice and convenience
17 would not be served by transferring this case to California.  First, Moneyline and First Choice
18 agreed by contract to litigate all disputes in Nevada.  The Court is reluctant to ignore a valid,
19 enforceable forum selection clause simply because two of the defendants do not want to litigate
20 the case in a neighboring state.  *See Allied Sound, Inc.*, 934 F. Supp. at 274–75 ("Where an
21 enforceable choice of forum clause exists, adherence to the forum designated in that clause is
22 favored.").  But even setting aside the forum selection clause, the relative convenience gained by
23 Defendants Surmenean and Pelayo by litigating in California does not outweigh the inconvenience
24 that transfer would create for the Plaintiff and its witnesses.  Defendants' request to transfer venue
25 to the Central District of California is denied.
26 /

**CONCLUSION**

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendants Surmenean and Pelayo's Motion to Dismiss (#17) is DENIED.

Dated: June 9, 2009.

_____
ROGER L. HUNT
Chief United States District Judge